## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PCiRoads, LLC, *a Minnesota limited liability company*, | Case No. 25-cv-4389 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| David E. Collins, | |
| Defendant. | |

This matter is before the Court on the parties' *Joint Motion Regarding Continued Sealing* ("Motion") (ECF No. 4). Defendant David E. Collins removed this matter from Minnesota state court on November 19, 2025. (ECF No. 1.) To "facilitate removal of this case to federal court," Mr. Collins agreed to temporarily file Exhibit B (ECF No. 2) to Plaintiff PCiRoads, LLC's Complaint under seal while reserving his right to object to its continued sealing. (ECF No. 4.) The Motion states that Plaintiff seeks to keep Exhibit B in its entirety under seal, that Defendant "may disagree" with that position, and that the parties' respective positions would be set forth in a subsequent filing. (*Id.*) On November 20, 2025, the Court ordered the parties to submit memoranda supporting or objecting to the Motion. (ECF No. 8.) The parties agree that the majority of Exhibit B does not warrant continued sealing. (ECF No. 10 at 5.) However, they dispute whether the last page of the Exhibit ("Page 31") should remain sealed. (*Id.*)

Plaintiff is a heavy civil construction company that bids on work related to specialty infrastructure projects. (ECF No. 1-1 at 4.) Page 31 "is a copy of a May 29, 2025, quote that [Mr.] Collins prepared on behalf of [Plaintiff]" (ECF No. 10 at 3) and that Mr. Collins allegedly disclosed to a third party without Plaintiff's knowledge or approval (ECF No. 1-1 at 7). Plaintiff argues Page

31 should continue to be sealed because it contains confidential pricing information. (ECF No. 10 at 3-4.) Plaintiff contends this information constitutes a trade secret and that its public disclosure would undermine Plaintiff's competitiveness in the industry. (*Id.* at 4.) Defendant argues Page 31 does not warrant continued sealing because the pricing information is neither confidential nor a trade secret. (ECF No. 13 at 5.)

Based on the parties' representations the Court concludes that, at this juncture in the litigation, the need to maintain Page 31 under seal outweighs the public's right of access. *See Cake Love Co. v. Ameripride Servs, LLC*, No. 22-cv-1301 (PJS/ECW), 2023 WL 5277009, at *1 (D. Minn. June 22, 2023) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013)). Whether or not Page 31 contains trade secrets is central to several of Plaintiff's claims. (*See* ECF No. 1-1 at 8-12.) The resolution of that issue not only goes to the merits of Plaintiff's claims but also may be determinative of whether permanent sealing of Page 31 is warranted. Moreover, resolving that issue at this stage in the case would be premature. Sealing is therefore granted without prejudice to either party's right to bring a motion to unseal Page 31 once a determination on the merits regarding whether the information is a trade secret is made.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED THAT**:

1. The parties' *Joint Motion Regarding Continued Sealing* (ECF No. 4) is **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiff is directed to file a public redacted version of Exhibit B (ECF No. 2) with page 31 redacted; and

3.      The Clerk of Court is directed to keep Exhibit B (ECF No. 2) under seal.

Dated:  November 26, 2025                *s/ Dulce J. Foster*
                                                  Dulce J. Foster
                                                  United States Magistrate Judge